MOLLIE L. NORRIS *vs.* CHARLES BAUMGARDNER, GUARDIAN.

*Rights of Guardian Appointed by a Court of Equity.*

A sum of money due by a benefit society to an infant was paid by it to the infant's mother as "guardian." There was then another person who had been appointed by a Court of equity guardian of the infant upon an *ex parte* petition. Subsequently the mother was appointed guardian by the Orphans' Court. *Held,* that the guardian appointed by the Court of equity is entitled to demand from the mother of the infant the money so paid to her.

Appeal from an order of the Circuit Court for Frederick County (Motter, J.)  The prior order of that Court passed on July 16th, 1900, referred to in the opinion of this Court, was in pursuance of an opinion by McSherry, C. J., and Motter, J., in which it was held that although there is no statute giving to a Court of equity power to appoint a guardian under the conditions of this case yet, *first*, that the Maryland Courts of equity have succeeded to and now possess precisely the power which both the Colonial and State Courts of Chancery had been clothed with to appoint a guardian for an infant under just such conditions as this record presents; and that the Colonial Court of Chancery under its constituent Act and the State Court of Chancery under the original law of 1776 each exercised and was authorized to exercise the same jurisdiction in this particular, that the English Court of Chancery, from a very early period, asserted without question and freely invoked. *Secondly*, that the grant to the old county Courts and subsequently to the Orphans' Courts, of a like power conferred simply a concurrent jurisdiction which did not oust or take away the established jurisdiction of the Court of Chancery or its successor, the Courts of equity.

And that a Court of equity, exercising the functions of a Court of Chancery, has authority to appoint a guardian for an infant, when the infant is not a party to any cause pending in that Court.

The cause was argued before Fowler, Briscoe, Page, Boyd and Schmucker, JJ.

*John E. R. Wood* and *Jacob Rohrback*, for the appellant.

*J. F. R. Heagey* and *Albert S. Brown* (with whom was *P. Frank Pampel* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Frederick County, sitting in equity, passed on the 3rd day of November, 1902, directing the appellant to bring into Court

the sum of four hundred and sixty-two dollars and forty cents to be paid unto the appellee, Charles Baumgardner, guardian to Charles H. Norris, of Frederick County.

The facts out of which the controversy arose briefly stated are these: On the 17th of May, 1900, the appellee, Charles Baumgardner, the grandfather of the infant Norris, filed an *ex parte* petition in the Circuit Court for Frederick County, sitting in equity, asking his appointment as guardian and on the same day an order was passed making the appointment. The order directed that the guardian file an approved bond in the penalty of one thousand dollars; that he receive and collect all money due the infant until he arrives at age and deposit the same in the Citizens' National Bank of Frederick and to apply the interest to the support, education and maintenance of the infant and to pay the principal sum to him when he attained his majority.

It appears that on June 4th, 1900, the appellant filed a petition in the Circuit Court for Frederick County wherein it is stated that since the appointment of the appellee she has been appointed guardian to said infant by the Orphans' Court of Frederick County, and on the 28th of May, 1900, filed an approved bond, and the petition prayed that the Court pass an order rescinding and vacating the previous order appointing the appellee. On June 6th, 1900, the appellee answered the petition and upon a hearing on petition, answer and exhibits, the Circuit Court of Frederick County on the 16th day of July, 1900, passed an order dismissing this petition, and affirming the appointment of the appellee as guardian.

There was no appeal from this last named order nor from the original order of the 17th of May, 1900, appointing the appellee.

Subsequently on the 25th of July, 1900, the appellee filed a petition in the same cause alleging in substance that the appellant had collected from the Junior Order of United Mechanics of the city of Washington, the sum of five hundred dollars, as the guardian of the infant Norris, aud retains and refuses to pay to him the fund so collected, and asking that

she·be required to appear and show cause why the money should not be paid as set out and claimed in the petition.

ᐟ In. answer to this petition the appellant amongst other things relies upon the following defense: That the Thomas Jefferson Counsel paid the sum of $25 to her as the mother of said deceased, as provided by the by-laws of said order; that the said Council, through its representative Joseph E. Toone, has paid the following items being amounts due for the last sickness and death of said deceased, Howard L. Norris, namely to·F. Schroeder the sum of $125.00; to Charles Hermann, the sum of $7.45; to Mount Olivet Cemetery, the sum of $52.25; to B. Rosenour & Sons the sum of $16.00; to E. Sponseller the sum of $30.00, in addition to which the said Council, through its representatives has designated that it desires the payment of the sum of $52 due to Dr. S. S. Maynard for medical attention to said deceased during his last illness, that the said Mollie Norris has paid out the sum of $12.00 prior to the time of the death of said Howard L. Norris to keep his dues payable to said Council, and which payments alone preserved said fund of five hundred dollars, and that the said Mollie L. Norris has incurred in the Orphans' Court for Frederick County, Maryland, the costs to this date in amount $39.35 and that the balance in amount $231.70 subject to her payment of said Orphans' Court costs and the account of Dr. S. S. Maynard, she has in her hands, the same having been paid into her hands as mother of the said Howard L. Norris by said Thomas Jefferson Council, the same not having been paid to her as the guardian of said infant.

The case was heard upon petition, answer and proof, and from a decree of the Circuit Court of Frederick County, dated on the 3rd day of November, 1902, directing that the appellant bring into Court the sum of four hundred and sixty-two dollars and forty cents to be paid over to Charles Baumgardner, guardian, this appeal has been taken.

As the decree of the 16th of July, 1900, of the Circuit Court for Frederick County appointing the appellee guardian, was a final decree and the appellant who was a party to the

cause wherein the decree was passed had a right to appeal, and having failed to exercise this right, the matters adjudicated thereby must be considered as conclusively settled, and are not before us for examination on this appeal. In *Strike* v. *McDonald et al.*, 2 H. & G. 216, it is said: "There is no principle in relation to the administration of justice which it is more important to preserve or more necessary to adhere to than there must somewhere be an end to litigation. A matter which has been once solemnly decided ought not, nor cannot be reheard and readjudicated;" controversy must have an end or society could have no peace. Errors of an inferior tribunal may be corrected by a superior, and even the same Court, under certain circumstances, will correct its own mistake by motion, petition or bill of review. Hence whatever, has been heretofore determined in this cause must now be considered as finally settled and in every respect unalterable, except by bill of review, appeal or in the regular course of law."

The sole question then to be considered by the Court is the correctness of the Court's order, passed on the 3rd day of November, 1902, directing the appellant to pay over to the appellee the sum of four hundred and sixty-two dollars and forty cents, as the property of the infant Norris.

There can be but one answer to this question, and that is the fund in controversy was the property of the infant. It is perfectly obvious from the testimony in the case, that the sum of five hundred dollars was paid by Thomas Jefferson Council, No. 12, Junior Order of American Mechanics, to the appellant, as guardian, being a fund due the infant as beneficiary, of a deceased brother. According to the uncontradicted testimony in the case, the money was paid to her by check, and was deposited in the Farmers and Mechanics Bank of Frederick to the credit of "Mollie L. Norris, guardian of George Howard Norris." There was no error in the order of Court directing this fund to be paid to the appellee and for the reasons given the order of November 3rd, 1902, will be affirmed.

*Order affirmed, with costs.*

(Decided June 30th, 1903.)